UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KATHLEEN NOWAK-STEINBAUER,

    Plaintiff,

v.                                    CASE No. 8:08-CV-2309-T-TGW

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.
_____

## ORDER

The plaintiff in this case seeks judicial review of the denial of her claim for a closed period of Social Security disability benefits.[1] Because the decision of the Commissioner of Social Security is supported by substantial evidence and does not contain any reversible error, the decision will be affirmed.

I.

The plaintiff, who was fifty-three years old at the time of the administrative hearing and who has a high school education, has worked as a waitress and customer service representative (Tr. 71, 443). She filed a

---

[1] The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 15)

claim for Social Security disability benefits, alleging that she became disabled on September 15, 2003, due to hepatitis C, a back injury, depression, fatigue, headaches, joint pain, and dyslexia (Tr. 62). The claim was denied initially and upon reconsideration.

The plaintiff, at her request, then received a <u>de novo</u> hearing before an administrative law judge. The law judge found that the plaintiff suffered from severe impairments of "cervical and lumbar degenerative disc disease, cervical neuritis, facet joint syndrome, right shoulder impingement syndrome, chronic Hepatitis C, gastritis, esophagitis, allergic rhinitis, anxiety disorder, reading disorder, and disorder of written expression" (Tr. 22). The law judge concluded that these impairments limited the plaintiff to light work with the following restrictions (Tr. 23):

> [A]n occasional limitation for bending, stooping, crouching, and kneeling[,] and an occasional limitation for concentrating on tasks but capable of performing routine repetitive tasks in an environment that allows for a sit/stand option at will and does not require lifting above shoulder height.

The law judge determined that these restrictions prevented the plaintiff from returning to past work (Tr. 28). However, based upon the testimony of a

vocational expert, the law judge ruled that jobs existed in significant numbers in the national economy that the plaintiff could perform, such as cashier II, marking clerk, and small product bench assembler (Tr. 29). Accordingly, the law judge decided that the plaintiff was not disabled from the alleged onset date of September 15, 2003, through the date of his decision (id.). The Appeals Council let the decision of the law judge stand as the final decision of the Commissioner.

II.

In order to be entitled to Social Security disability benefits, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 423(d)(1)(A). A "physical or mental impairment," under the terms of the Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 423(d)(3).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Under the substantial evidence test, "findings of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004)(en banc), cert. denied, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

### III.

The law judge found that the plaintiff suffered from a number of severe impairments, but that, while the impairments restricted her to a limited range of light work, it did not render her disabled. The plaintiff has challenged the law judge's decision on two grounds, both of which relate to the plaintiff's hepatitis C impairment.

The plaintiff contends, first, that the law judge failed to consider a closed period of disability for the period of time she received hepatitis C treatment (Doc. 20, pp. 10-11). Disregarding the fact that the plaintiff, who was represented by counsel at the administrative hearing, did not raise before

the law judge the possibility of a closed period of benefits, the contention clearly lacks merit for several reasons.

The plaintiff contends specifically that the law judge should have considered (without being asked to do so) a closed period of benefits from April 2003 through June 2004, due to the side effects of her hepatitis C treatment (id., p. 10). In the first place, the plaintiff's alleged onset date is September 15, 2003, and, as the Commissioner points out, a disability from that date through June 2004 would not meet the requirement that the plaintiff be unable to engage in substantial gainful activity for a continuous period of twelve months (Doc. 21, p. 6). 42 U.S.C. 423(d)(1)(A); 20 C.F.R. 404.1505. Moreover, the plaintiff has stated that she worked until September 15, 2003 (Tr. 426; see also Tr. 239, 443), which precludes an award of benefits prior to that date. 20 C.F.R. 404.1520.

In light of these circumstances, it is probably superfluous to add that it was not until September 18, 2003, that the treating doctor, Dr. Pothen Jacob, stated that, due to side effects of the hepatitis C treatment, the plaintiff was unable to work (Tr. 321). On June 25, 2003, Dr. Jacob reported

that the plaintiff "is tolerating the treatment reasonably well" and "has not experienced any major side effects" (Tr. 322).

Furthermore, the law judge appropriately evaluated the plaintiff's subjective complaints about the side effects of the plaintiff's hepatitis C treatment. Thus, he stated (Tr. 24):

> From May to September 2003, the claimant received interferon therapy. Treatment was then put on hold due to claimant's development of anemia and leukopenia and also due to problems with insurance coverage. At that time, Dr. Jacob reported that the claimant was unable to work due to side effects of medication. After a 3-week interruption, treatment was restarted and continued through May 2004. At that time, treatment was stopped due to a poor response. In August 2004, Dr. Jacob noted that the claimant had some weakness and fatigue but was feeling better.

The law judge also said (Tr. 26-27):

> The claimant was diagnosed with Hepatitis C infection in early 2003 and started on anti-viral therapy. She alleged, and her doctor reported[,] that she was unable to work beginning September 2003 due to side effects of this treatment, weakness and fatigue. However, treatment notes for October 2003 to May 2004 reflect that the claimant felt well and was tolerating treatment reasonably well. Treatment was stopped primarily due to insurance reasons; temporary side effects of

> cytopenia were successfully treated without complication. Overall, the claimant's Hepatitis treatment was not successful in lowering virus levels, but she reported feeling even better when off treatment.

This assessment is reasonable and supported by substantial evidence. In all events, the claim for a closed period of benefits due to side effects of hepatitis C treatment fails because, as previously explained, the requirement of a continuous twelve-month period of disability is not satisfied.

The plaintiff's second contention is that the law judge did not determine the weight accorded to Dr. Jacob's opinion regarding the claimant's ability to work (Doc. 20, pp. 11-12). Opinions from treating physicians are entitled to substantial or considerable weight unless there is good cause for not according them such weight. Phillips v. Barnhart, 357 F.3d 1232, 1240 (11th Cir. 2004). Good cause exists when the treating physician's opinion is not bolstered by the evidence, the evidence supports a contrary finding, or the opinion is conclusory or inconsistent with the physician's own medical records. Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997).

Dr. Jacob wrote on September 18, 2003, that the plaintiff "feels tired, weak, has body aches, back pain and is unable to work at this point in view of the severity of her side effects" (Tr. 321). On November 14, 2003, Dr. Jacob stated "she is feeling reasonably well although she is unable to resume working because of the side effects" (Doc. 315).

The plaintiff states that "[i]t is difficult to determine whether the doctor was simply repeating what she had told him or was rendering an opinion as to whether she could work" (Doc. 20, p. 12). The law judge, however, expressly said, with respect to Dr. Jacob's report that the plaintiff was unable to work due to side effects of interferon therapy, "I accord little weight to this opinion...." (Tr. 27). The law judge, thus, stated that he treated Dr. Jacob's report as an opinion, and specifically said he accorded it little weight.

Moreover, the law judge gave the following reasons for discounting Dr. Jacob's opinion (id.):

> [I]t is not supported by the objective examination findings or the claimant's reports to Dr. Jacob during the treatment period and, in any event the claimant was on therapy for only about a 7-8 month period of time. Dr. Jacob did not indicate any specific limitations or restrictions of

claimant's activities and the issue of disability is
an issue reserved for the Commissioner.

This explanation is reasonable and provides good cause for discounting Dr. Jacob's opinion.

The plaintiff complains that the law judge underestimated the length of time she was treated. She contends the treatment lasted for eighteen months, not seven to eight months, as the law judge stated (Doc. 20, p. 11).

What the law judge plainly had in mind was the period of time between the alleged onset date of September 15, 2003, and the end of treatment around May 2004, with an interruption of treatment during the period of at least three weeks (Tr. 318). Accordingly, the law judge's estimate of about seven to eight months of treatment during the relevant period was reasonably accurate. In all events, the treatment did not last for twelve continuous months from the alleged onset date, which is also the date the plaintiff stopped working. Consequently, the plaintiff's claim for a closed period of disability fails.

It is, therefore, upon consideration

ORDERED:

That the decision of the Commissioner of Social Security is hereby AFFIRMED. The Clerk shall enter judgment in accordance with this Order and CLOSE this case.

DONE and ORDERED at Tampa, Florida, this 24th day of December, 2009.

*[signature: Thomas G. Wilson]*
THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE